IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD BERMUDEZ** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 21-1173** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH** | : | |
| *Respondent* | : | |

# O R D E R

**AND NOW**, this 25th day of August 2021, upon consideration of the *pro se* amended petition for writ of *habeas corpus* filed by Petitioner Richard Bermudez ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 5], the *Report and Recommendation* issued on May 11, 2021, by the Honorable Timothy R. Rice, United States Magistrate Judge ("the Magistrate Judge"), [ECF 9], which recommended that the Petition be denied as untimely, and Petitioner's objections to the Report and Recommendation, [ECF 10], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1.  The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2.  The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his amended *habeas corpus* petition, Petitioner alleges numerous claims, including, *inter alia*, ineffective assistance of counsel, the imposition of an illegal sentence, false imprisonment, PCRA court error, and an invalid guilty plea. [ECF 5]. The Magistrate Judge issued a well-reasoned R&R in which he recommended that all of Petitioner's claims be dismissed, as untimely. Specifically, the Magistrate Judge correctly determined that Petitioner's underlying guilty plea to third-degree murder and conspiracy to commit robbery was entered on April 28, 2009, that his conviction became final on November 25, 2011, and that any federal *habeas* challenge to that conviction was, thus, required to be filed by November 26, 2012, absent any statutory or equitable tolling or an alternative start date. After addressing each of the potential categories of tolling or an alternative start date and finding that none applied, the Magistrate Judge concluded that Petitioner's claims were untimely. Petitioner filed objections to the R&R.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 5], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

Here, in his objections, Petitioner baldly asserts that "extraordinary circumstances" prevented him from filing a timely *habeas* petition and repeats his argument that he first learned that his conviction for third-degree murder was improper following the decision of the United States Court of Appeals for the Third Circuit in *Bennett v. Graterford*, 886 F.3d 268 (3d Cir. 2018). The Magistrate Judge considered this argument and dismissed it as inapposite. Further, Petitioner's objections merely rehash arguments made in his Petition and original filings with respect to all of his claims, but without specifying or identifying the error(s) allegedly committed by the Magistrate Judge. *See* Local Rule 72.1(IV)(b) (requiring that written objections to a magistrate judge's report and recommendation "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

Nonetheless, in reviewing the Petition, the R&R, and the objections, this Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred. This Court agrees with the Magistrate Judge's analysis and conclusions and, therefore, finds that the Magistrate Judge did not commit error in his recommendations. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2]     A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.